FOURTH DEPARTMENT, MARCH, 1974

(March 4, 1974)

■ SAMUEL CONTI et al., Respondents, v. CAMBRIDGE COLONY, INC., Defendant and Third-Party Plaintiff-Respondent. HARVEY I. BRICKLER et al., Third-Party Defendants, and JOHN DE VRIES, Third-Party Defendant-Appellant. — Order unanimously reversed, without costs, and matter remitted to Special Term, Monroe County Court, for further proceedings in accordance with the following memorandum: This action was commenced against defendant Cambridge Colony, Inc., on June 10, 1968, which thereupon impleaded several other independent contractors, including appellant. Appellant, thereafter, filed his answer and an amended answer on November 12, 1968. Subsequent to joinder of issue, during a period in excess of four years the following calendar activity ensued, without notification to appellant herein: (a) on July 31, 1970 plaintiffs filed a note of issue in the primary action; (b) the primary action was called on the Trial Calendar on September 21, 1970 and marked " off " upon failure of plaintiffs and defendant to answer the call; (c) on April 10, 1972 an order was granted to plaintiff, restoring the primary case to the Trial Calendar; (d) in February or March of 1973 plaintiffs, without notice to defendant Cambridge or appellant herein, filed a note of issue and statement of readiness; (e) on February 21, 1973 appellant's counsel received a letter from counsel for defendant and third-party plaintiff-respondent advising that plaintiffs had obtained an order restoring the primary case to the Trial Calendar, and that a note of issue would soon be filed in the third-party action, this being the first notice to appellant of prosecutorial activity in the case since December of 1969 when settlement negotiations were discussed; (f) during the March and April, 1973 Term of court, the primary case appeared on the Trial Calendar but trial was apparently again delayed. In April, 1973 third-party plaintiff-

respondent filed a note of issue in the third-party action and moved for an order directing joint trial of the primary and third-party action. Appellant thereupon, without giving a 45-day demand as required by CPLR 3216 (subd. [b], par. [3]), cross-moved for an order dismissing both the primary and third-party complaints as to him for failure to prosecute. On May 21, 1973 plaintiff in the primary action procured an order to show cause seeking to resettle the order of restoration granted April 7, 1972, by adding a provision which would permit the primary case to be restored upon the filing of a new note of issue. All of the foregoing motions were heard at Special Term and culminated in the order appealed from, which, *inter alia,* denied all the motions and ordered plaintiffs Conti to file notes of issue in both the primary and third-party actions. Under the foregoing chronology of events, appellant concededly cannot premise relief on CPLR 3216, absent compliance with the 45-day demand requirement. Nor is there merit to appellant's contention that such 45-day demand requirement is inapplicable by virtue of CPLR 3216 (subd. [f]). In the present posture, the case cannot be said to have been dismissed under CPLR 3404, in view of the restoration order of April 10, 1972 which must be assumed to have been validly based upon a showing of meritorious claims and reasonable excuse (*McNamara* v. *Hutchinson,* 33 A D 2d 26). However, appellant's allegation of having received no notice of said restoration motion, as required under 22 NYCRR 1024.13(a), raises a question as to the validity of that order as to him. Absent such effective order of restoration as to appellant, it necessarily would follow that the case, as to him, has not been restored and remains dismissed by automatic operation of CPLR 3404. Therefore, the second decretal paragraph of the order appealed from, which denied appellant's cross motion to dismiss the primary and third-party complaints as to him should be reversed and the matter remitted to Special Term for a hearing and determination of the facts concerning the notification to appellant of the motion for restoration of the case to the Trial Calendar in April of 1972 and the ensuing legal effect of such order as to him. (Appeal from part of order of Monroe County Court denying motion to dismiss complaints in actions for breach of contract and breach of warranty.) Present — Marsh, P. J., Witmer, Mahoney, Goldman and Del Vecchio, JJ.